

# THE ATTORNEY GENERAL

## OF TEXAS

Gerald C. Mann
XXXXXXXXXXXXXXXXX
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Mr. Quincy Hawkins
County Auditor
Henderson County
Athens, Texas

Dear Sir:

Opinion No. O-681
Re: Under the facts set forth,
should the fine and costs
be turned into the county
treasurer for the benefit
of the Salary Fund?

Your request for an opinion on the above stated question has been received by this office.

Your letter reads in part as follows:

"In the case of a county that is on the Salary Fund System a man is tried and convicted in District Court of driving while intoxicated, and is fined $50.00 and costs.

"This fine is paid to the District Clerk of this county.

"Under the Salary Fund Law shouldn't this fine and costs he turned into the County Treasurer for the benefit of the Salary Fund?"

Article 803 of the Penal Code reads as follows:

"Any person who drives or operates an automobile or any other motor vehicle upon any street or alley, or any other place within the limits of any incorporated city, town, or village, or upon any public road or highway in this State while such person is intoxicated, or in any degree under the influence of intoxicating liquor, shall upon conviction be confined in the penitentiary for not more than two (2) years, or be confined in the county jail for not less than five (5) days

nor more than ninety (90) days and fined not
less than Fifty Dollars ($50) nor more than
Five Hundred Dollars ($500)."

Article 949, Code of Criminal Procedure, reads
as follows:

"Money collected by an officer upon
recognizances, bail bonds and other obliga-
tions recovered upon in the name of the
State under any provision of this code, and
all fines, forfeitures, judgments and jury
fees, collected under any provision of
this Code, shall forthwith be paid over by
the officers collecting the same to the county
treasurer of the proper county, after first
deducting therefrom the legal fees and com-
missions for collecting the same."

Section 3 of Article 3912e, R. C. S., reads as
follows:

"In all cases where the commissioner's
court shall have determined that county offi-
cers or precinct officers in such county shall
be compensated for their services by the pay-
ment of an annual salary, neither the State
of Texas nor any county shall be charged with
or pay to any of the officers so compensated,
any fee or commission for the performance of any
or all of the duties of their offices but such
officers shall receive said salary in lieu of
all other fees, commissions or compensation
which they would otherwise be authorized to re-
tain; provided, however, that the assessor and
collector of taxes shall continue to collect and
retain for the benefit of the Officers' Salary
Fund or funds hereinafter provided for all fees
and commissions which he is authorized under
law to collect; and it shall be his duty to
account for and to pay all such monies received
by him into the fund created and provided for
under the provisions of this Act; provided
further, that the provisions of this Section
shall not affect the payment of costs in civil
cases by the State but all such costs so paid
shall be accounted for by the officers collect-
ing the same, as they are required under the pro-
visions of this Act to account for fees, commissions
and costs collected from private parties."

Section 5 of Article 3912e reads in part as follows:

"It shall be the duty of all officers to charge and collect in the manner authorized by law all fees and commissions which are permitted by law to be assessed and collected for all official service performed by them. As and when such fees are collected they shall be deposited in the Officers' Salary Fund, or funds provided in this Act..."

Article 6700, R. C. S. of Texas, reads as follows:

"Fines collected for violations of any highway law as set forth in Chapter 1 of Title 13 of the Penal Code, shall be used by the municipality or the counties in which the same are assessed and to which the same are payable, in the construction and maintenance of roads, bridges and culverts therein, and for the enforcement of the traffic laws regulating the use of the public highways by motor vehicles and motorcycles, and to help defray the expense of county traffic officers."

In view of the foregoing statutes, you are respectfully advised that it is the opinion of this department that the costs collected in the case mentioned in your inquiry should be deposited in the Officers' Salary Fund of the county in which such costs were collected and that since Article 802 of the Penal Code appears in Title 13, Chapter I, you are further advised that the fine should be deposited in the General Fund of the county to be expended for the purposes as enumerated in Article 6700 R.C.S.

Trusting that the foregoing answers your inquiry, we remain

Yours very truly

AW:AW:vb

ATTORNEY GENERAL OF TEXAS

By Ardell Williams
Ardell Williams
Assistant

APPROVED JUL 12, 1939
/s/ W. F. Moore
FIRST ASSISTANT
ATTORNEY GENERAL

APPROVED
Opinion
Committee
By RWF
Chairman